UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STATE OF LOUISIANA, *EX REL* JAMES D. "BUDDY" CALDWELL, ATTORNEY GENERAL | § § § § | CIVIL ACTION NO. 3:14-cv-00550 |
| v. | § § § | |
| STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM GENERAL INSURANCE COMPANY, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | § § § § § | JUDGE DICK MAGISTRATE RIEDLINGER |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY**

NOW INTO COURT, through James D. "Buddy" Caldwell, Attorney General, and undersigned counsel, comes Plaintiff State of Louisiana, who in opposition to Defendants' Motion to Stay respectfully represents:

**PROCEDURAL AND FACTUAL BACKGROUND**

On August 19, 2014, the State of Louisiana filed a Petition for Injunctive Relief and Restitution in the 19th Judicial District Court of the State of Louisiana. The State's petition asserts violations of the Louisiana Unfair Trade Practices Act, LSA-R.S. 51:1401 *et seq.* and the Louisiana Monopolies Law, LSA-R.S. 51:12 *et seq.* The suit was brought in the public interest by the State of Louisiana through the Attorney General pursuant to his *parens patriae* authority.

As fully described in its Petition, the State of Louisiana alleges that State Farm has engaged in unfair and deceptive practices which have operated to control and manipulate the automobile repair industry to the detriment of consumers. Specifically, Defendants have entered into contractual arrangements with certain auto repair facilities that enable them dictate what

types of repairs should be made and what specific parts must be used. Defendants also fix and control the labor rates and the labor times for those repairs. Defendants then use coercive tactics to persuade consumers into patronizing only those shops who abide by their contracts, while simultaneously using their market power to manipulate non-participating shops into complying with the same strict labor rates and labor times.

These practices are harmful to consumers. The parts and procedures mandated by Defendants are often in direct conflict with industry standards and manufacturer guidelines. The strict control of labor rates and times, combined with Defendants' refusal to cover certain necessary procedures and materials, creates a breeding ground for shoddy repair work. Due to the nature of the contract between Defendants and the participating repair facilities, consumers are completely removed from the auto repair process. Consumers have no knowledge of the types of parts being used or repairs being made, and no opportunity to meaningfully consent to the use of those parts or procedures which directly conflict with other industry standards and manufacturer guidelines.

On September 3, 2014 Defendants State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company ("State Farm") filed a Notice of Removal and the matter was transferred to this Court. In their Notice of Removal, Defendants allege that the causes of action asserted by the State arise under the laws of the United States within the meaning of 28 U.S.C. §§ 1331 and 1337. The State wholly disputes Defendants' position, and on September 26, 2014 filed a Motion to Remand the action back to state court. [See Rec. Doc. 13].

In conjunction with its Notice of Removal, Defendants filed a Local Rule 3.1 Notice of Related Cases. [See Rec. Doc. 1-3]. Through this document, Defendants purported to identify

other pending actions whose factual circumstances are similar to those alleged by the State in the instant case. Those cases have been consolidated by the Judicial Panel on Multidistrict Litigation.

On September 5, 2014, Defendants filed a motion to stay the action of this Court pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") regarding transfer of the instant case to the Auto Body Shop Antitrust Litigation, MDL No. 2557, which is currently pending in the United States District Court for the Middle District of Florida ("MDL Court").

On September 8, 2014 the JPML issued a Conditional Transfer Order (CTO-2), conditionally transferring the instant case to the MDL Court. Per Rule 7.1 (c) of the Rules of Procedure for the United States JPML, the State of Louisiana filed a notice of opposition to that conditional transfer order on September 15, 2014, and a Motion to Vacate the same on September 26, 2014.

## ARGUMENT

**<u>Federal Jurisdiction is Improper</u>**

As is made obvious by the lengthy recitation of procedural background in this case, which was only just filed one month ago, the Defendants have taken advantage of the automatic nature of the federal removal procedure in order to create significant procedural and jurisdictional hurdles, which are intended to delay this case and unfairly prejudice the Plaintiff. For reasons more fully described in Plaintiff's Motion to Remand, this matter should never have come before this Court, much less have been immediately whisked away into a far-off federal court where the MDL is situated.

Defendants have ignored the well-established principles of jurisdictional pleading, wherein the Plaintiff is the master of his complaint and may choose those laws which he wishes

3

to pursue. The State of Louisiana has chosen to pursue the instant case under the laws of the state—namely the Louisiana Unfair Trade Practices Act and the Louisiana Monopolies Law. Antitrust jurisdiction exists on both the state and the federal level through a joint system of enforcement by state and federal agencies, and the State of Louisiana has the right to choose which law to invoke in its pleading. In the instant case, only the state-level antitrust laws were asserted as causes of action and claims for relief against State Farm.

By simply referencing the 1963 Consent Decree in its Petition, the State does not automatically trigger federal jurisdiction. Neither the State of Louisiana nor State Farm were parties to that federal action. Thus, the consent decree does not create a cause of action in the instant case, and is simply an illustration of a pattern of practices within the industry over time. The reference to the consent decree in the State's petition simply refers to a series of similar factual circumstances and does not invoke in any way a federal question of law under the Sherman Act. Moreover, the provisions of the Sherman Act that are relevant to the 1963 Consent Decree are identical in nature to those of the Louisiana Monopolies Law under which the State of Louisiana brings its claims. Thus, no issues of federal law could possibly be in actual dispute, and logically the argument must circle back to the well-settled fact that as the master of his own complaint, a plaintiff—particularly in an antitrust case—may choose to bring his cause of action under either federal or state laws and that choice may not be disturbed or defeated by a defendant's attempts to remove the case to federal court. [See Plaintiff's Motion to Remand, Rec. Doc. 13, Attached as Exhibit A]. Thus, the State believes that this action will be remanded back to state court, and has moved that this Court do so.

**MDL Transfers and Motions to Stay**

A district court has the inherent power to stay its own proceedings. *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936). A decision to stay proceedings is purely discretionary, and that discretion is guided by the policies of justice and efficiency. *In re Air Crash at Paris, France,* 376 F.Supp. 887 (JPML 1974).

Motions to stay are often considered by a district court whenever there is a potential that a case will be transferred to an MDL court, as in the instant case. The grant or denial of a motion to stay, however, is still fully within the discretion of the district court judge, even when there is a pending transfer order to an MDL court. The pendency of a transfer order to an MDL court does not infringe upon the authority of this Court to rule upon matters properly presented to it for decision. *In re Air Crash at Paris, France,* 376 F.Supp. 887 (JPML 1974).

Courts have utilized a three-prong test to determine whether to grant a motion to stay. "The district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Cajun Offshore Charters, LLC v. BP Products North America*, No. 10-1341, 2010 WL 2160292, (E.D. La. May 5, 2010) at p.1, citing *La. Stadium & Exposition Dist. V. Fin. Guar. Ins. Co.,* No. 09-235, 2009 WL 926982 at 1 (E.D.La. Apr. 2, 2009). With respect to the motion to stay pending before this Court, the third prong of this test is particularly instructive.

*Judicial Efficiency and Duplicative Litigation*

In evaluating motions to stay when a transfer to an MDL is pending, the courts have looked to the facts and circumstances surrounding any pending motions in the district court. "The MDL Panel has observed that 'the use of stay orders by the district courts, particularly in

5

the area of discovery, is usually undesirable,' while '[a] stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and avoid inconsistent rulings.'" *Cajun Offshore Charters,* at 1, citing *In re Penn Cent. Sec. Lit.*, 333 F.Supp. 382 n.4 (J.P.M.L 1971). Courts have readily granted motions to stay and allowed cases to be transferred to MDL courts, even when motions to remand were pending, when those motions to remand were based upon questions common to other cases pending in the MDL. Specifically, when multiple motions to remand are pending and when those motions depend upon whether the joinder of non-diverse defendants was proper, district courts will allow those motions to remand to be heard by the MDL court in globo to avoid the risk of inconsistent rulings. *See Dixon v. Mark Starring and Associates, Inc.*, No. 11-2372, 2011 WL 5079393, (E.D. La. Oct. 26, 2011), *Harper v. DePuy Orthopaedics, Inc.,* 2011 WL 3049082 (N.D. Ohio 7/25/11), *Boudreaux v. Metropolitan Life Ins. Co.,* No. 95-138, 1995 WL 83788 (E.D.La. Feb. 24, 1995).

These circumstances are in direct contrast with the case at hand. Among the cases in the Auto Body MDL litigation, only the State of Louisiana's action was originally filed in state court. The other cases pending in the MDL Court were originally filed in other federal district courts. Thus, no other motions to remand are at issue. As such, the State's motion to remand does not depend on any legal analysis common to that of any other motions in any other cases pending in the MDL. Therefore, the goal of advancing judicial efficiency upon consolidation is moot while the motion to remand is pending in this Court. Likewise, there is no risk of inconsistent rulings on any issues germane to the State's motion to remand between this court and the MDL Court. Thus, the instant motion to stay does not pass the third prong of the test.

*Hardship and Inequity to the Moving Party*

Given the circumstances of the State's litigation and that of the MDL, State Farm can hardly argue that they will suffer hardship or inequity if their motion to stay is not granted. As previously established, there is no risk of inconsistent rulings with respect to any issues regarding the State's motion to remand, should that motion be heard by this Court in lieu of the MDL Court. Additionally, the State's case against State Farm solely involves the effects of their procedures and practices upon the consumers of the State of Louisiana, as well as the State itself, and the State's case names only State Farm as party defendant. As such, the bulk of the various pretrial motions and discovery issues that may arise in the MDL litigation, with its large volume of individually named plaintiff body shops and expansive list of insurer defendants, will not be relevant to the State's case. Indeed, barring some isolated depositions that are likely to take place either in the home state of Louisiana or State Farm's home state of Illinois, the discovery process contemplated in the MDL litigation has little overlap with the discovery process that will take place in the instant suit.

*Prejudice to the Non-Moving Party*

On this, the first prong of the test for stay of litigation, the Defendants' motion must also fail. Even putting aside the practical matters of budget constraints and limited resources that the State of Louisiana faces each and every day, the State—the non-moving party to this motion—will be considerably prejudiced if this motion is granted. There is perhaps no other more important exercise of sovereignty for a state than its power to enforce its own laws in favor of its own citizens in its own courts. To force the State to litigate its Motion to Remand in a foreign jurisdiction would be to wholly trample on its rights as a sovereign entity.

## CONCLUSION

The State of Louisiana chose to file its claim, on behalf of the citizens of the state and solely under the laws of its state, and thus filed its action in state court. Due to the automatic nature of the removal process, the State is now forced to litigate a jurisdictional dispute in federal court. To then have that dispute transferred into another jurisdiction altogether would cause substantial hardship and prejudice to the State, while offering no real benefits to judicial economy and efficiency. For those reasons discussed herein, Defendants' Motion to Stay should be denied.

Respectfully submitted,

**JAMES D. "BUDDY" CALDWELL**
**LOUISIANA ATTORNEY GENERAL**

By: __s/Stacie Lambert deBlieux__
**JAMES D. "BUDDY" CALDWELL (#02211)**
Louisiana Attorney General
**STACIE LAMBERT DEBLIEUX (#29142)**
Assistant Attorney General, Public Protection
1885 N. 3rd Street
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6458
Telefax: (225) 326 6498
**E. WADE SHOWS (#7637)**
Special Assistant Attorney General
Shows, Cali & Walsh, LLC
628 St. Louis St.
PO Box 4425
Baton Rouge, Louisiana 70802

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in the captioned matter, and further, that a copy of the foregoing has been served on all counsel of record via electronic mail.

                                        _____s/Stacie deBlieux_____
                                        STACIE LAMBERT DEBLIEUX